JUSTICE RICE,
specially concurring.
¶44 I concur with the Court’s decision affirming the District Court. However, I disagree with the Court’s furtherance of the statement made in Grey that, under certain circumstances, an officer’s testimony that Miranda rights were given and that a defendant waived those rights “will be viewed with distrust” by this Court in determining the voluntariness of the waiver.
¶45 “Voluntariness depends upon the totality of the circumstances.” *466 State v. Jones, 2006 MT 209, ¶ 20, 333 Mont. 294, ¶ 20, 142 P.3d 851, ¶ 20 (citing State v. Reavley, 2003 MT 298, ¶ 15, 318 Mont. 150, ¶ 15, 79 P.3d 270, ¶ 15). Further, we have explained that the “specific question of whether a defendant has given a voluntary confession ‘is largely a factual determination that is within the discretion of the district court.’” Jones, ¶ 17 (citing State v. Hill, 2000 MT 308, ¶ 37, 302 Mont. 415, ¶ 37, 14 P.3d 1237, ¶ 37). This is as it should be, as it falls to the district courts to hear the testimony and to make credibility determinations about that testimony.
¶46 However, in Grey, this Court took the district court’s function to itself by holding that, when officers fail, in a “controlled circumstance,” to preserve a record of the giving and waiver of Miranda rights, their testimony about the situation would be “viewed with distrust.” Grey, 274 Mont. at 214, 907 P.2d at 956. This presumption of distrust flies in the face of the district court’s credibility and discretionary functions and the law’s requirement that the totality of the circumstances be considered. It further results in the backpedaling distinguishing of that holding which is required in this opinion, and, not least of all, a negative pre-judging of the testimony of a sworn police officer. I would overrule it altogether.